GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**LYLE VANNAHMEN**                                          *Plaintiff,*

    *vs.*                                          **Case No.:**

**DODGE CITY COMMUNITY COLLEGE**                    *Defendant.*

## COMPLAINT

COMES NOW plaintiff Lyle VanNahmen by counsel Peter J. Antosh, and for his cause of action against Defendant Dodge City Community College respectfully states:

### PARTIES

1.    Plaintiff Lyle VanNahmen is an individual and resident of Ford County, Kansas.

2.    Defendant Dodge City Community College ("DCCC") is a community college organized under the laws of the State of Kansas whom may be served with process via Clerk for the Board of Trustees Ms. Carla Patee at 2501 North 14th Avenue, Dodge City, Kansas 67801.

### JURISDICTION

3.    This action arises under the laws of the United States and presents a federal question within this Court's jurisdiction.  It is brought pursuant to 28 USC 1331 and 1343 as well as 42 USC 1983, *et seq.*  This Court also has jurisdiction over the supplemental state law claims of the plaintiff pursuant to 28 USC 1367.

1

## FACTUAL ALLEGATIONS

4.    From at least December of 2016 through to the present there has existed a public controversy in Dodge City regarding a proposal for DCCC to sell land for retail development (*See Exhibit A: 11/9/16 Dodge City Daily Globe Article, attached.*)

5.    On December 5, 2016 plaintiff, a student at DCCC, met with college president Dr. Harold Nolte ("Nolte") at Nolte's office to express displeasure about the land sale proposal that was floating around.  Accounts differ a bit as to how contentious the meeting was.  It was acknowledged by Nolte that plaintiff did not curse at or physically assault him, although it is his position that plaintiff's voice was raised and the encounter left Nolte feeling threatened.

6.    On December 8, 2016 plaintiff went to the DCCC student union (which also houses the school's administrative offices.)  Security was placed on alert.  Plaintiff wrote a letter and expressed that he wished to deliver it to Nolte.  It was in effect a letter demanding Nolte's resignation.  Campus security officer Steven Sites ("Sites") informed plaintiff that Nolte was unavailable, and that he would deliver the letter to him.  Plaintiff then left.  This was by all accounts a polite encounter.

7.    On December 10, 2016 DCCC vice president Bev Temaat ("Temaat") and security director Josh Thompson ("Thompson") directed Sites to deliver a notice to plaintiff that he was temporarily suspended from DCCC pending a conduct review hearing and was subject to arrest if he appeared on DCCC's campus other than to take a previously scheduled final examination on Monday December 12, 2016 from 7:00 p.m. to 9:00 p.m. (*please see Exhibit B: 12/10/16 Trespass Notice, attached.*)  Sites delivered the notice to plaintiff on that day

in another polite encounter.

8.      Subsequently plaintiff retained attorney Andrew M. Stein of Dodge City, Kansas to represent him in his conduct review hearing and same was timely requested.

9.      On March 5, 2017 DCCC by Temaat sent plaintiff a notice of hearing and what he considers to be the charging document against him.  (*Please see* *Exhibit C:  3/5/17 Charging Document, attached.*)

10.     On March 6, 2017 plaintiff retained current counsel to represent him in his conduct review hearing.  Counsel entered his appearance, requested discovery, made numerous demands for due process, and requested a pre-hearing conference (*please see* *Exhibit D: 3/6/17 Requests and Demands, attached.*)  The due process demands made by plaintiff included:

   a.      That all materials DCCC intended to present or reference in any way at plaintiff's hearing (aside from those plaintiff indicated he already possessed) be provided to his counsel at least seven (7) days prior to the date of his hearing.

   b.      That the identities of the members of his hearing panel and their respective affiliations with DCCC be made known to his counsel at least seven (7) days prior to the date of his hearing.

   c.      That in the event any or all members of the panel may be subject to undue influence by DCCC, given that the president of the college was the de facto chief complainant, that hearing of his case be assigned to an independent adjudicative body.

   d.      That he be provided with an alternate appeal procedure in the event appeal became necessary, given that the procedure in place called for the president of the college (complainant Nolte) to decide any appeal.

3

e.   That to preserve his right to confront his accusers as well as to present witnesses on his behalf, that DCCC employees who were witnesses or complainants including Nolte, Dean of Students Ms. Stephanie Lanning, Executive Assistant to Nolte Ms. Carla Patee, Chief Judicial Officer Keith Thomas, Sites, Thompson, and Temaat be made available for questioning at the hearing.

f.   That counsel for plaintiff be permitted to conduct cross and or direct examination of witnesses.

g.   That his hearing be open to the public.

h.   That a record be made of the hearing in the event appeal may become necessary.

i.   That he be provided specific notice of the conduct that he must defend against at the earliest possible opportunity, in that the charging document was vague and effectively a "moving target."

j.   That he be provided notice of the penalties he could be subject to if found responsible for the alleged misconduct, and that same be provided to him at the earliest possible opportunity.

k.   That the trespass order against him be immediately lifted.

l.   Plaintiff affirmatively stated that his conduct was protected by the First Amendment to the United States Constitution.

11.   On March 24, 2017 the parties met for a pre-hearing conference and DCCC by Temaat in her capacity as special judicial officer entered what amounted to orders regarding hearing procedure.  Corresponding to the sub-paragraphs referenced in paragraph 9 above:

a.   DCCC agreed.

4

b.      DCCC declined.

c.      DCCC declined.

d.      DCCC agreed that appeal to Nolte would be improper, and indicated that any appeal would be assigned to a college administrator.

e.      DCCC agreed but reserved the right to decline to make Nolte and Lanning available.

f.      DCCC declined.

g.      DCCC declined.

h.      DCCC agreed.

i.      DCCC declined to provide a more specific statement.

j.      DCCC declined to provide a more specific range of possible penalties aside from those indicated as generally available.

k.      DCCC declined.

l.      This statement was not addressed.

(*Please see Exhibit E: 3/24/17 Memorandum, attached.*)

12.   On April 25, 2017 plaintiff's conduct review hearing was held before a panel comprised of Nolte's employees and presided over by Nolte's employee, whom heard and evaluated testimony by Nolte and his employees.  At the hearing Nolte referenced having made a written report regarding the above-referenced incidents, although same was never provided to plaintiff's counsel.

13.   On May 2, 2017 DCCC by Temaat apparently authored a letter to plaintiff indicating that he was found to have committed misconduct and as a result he was suspended from DCCC for a period of approximately four years (until December 31, 2020.)  This letter was

apparently not immediately sent.  (*Please see Exhibit F: 5/2/17 Hearing Order, attached.*)

14. On May 3, 2017 counsel for plaintiff requested an update from DCCC, as plaintiff had not yet received notice of the hearing orders.

15. On May 25, 2017 counsel for plaintiff again requested an update from DCCC, as plaintiff still had not yet received notice of the hearing orders.

16. On May 30, 2017 DCCC plaintiff still had not received notice of the hearing orders.  DCCC invited plaintiff to offer evidence in mitigation of his conduct to Temaat (he had declined to offer any testimony at his conduct review hearing.)  DCCC declined plaintiff's counsel's request for a meeting between DCCC counsel, plaintiff's counsel and Temaat regarding the nature and parameters of the proposed meeting to offer evidence in mitigation.

17. On June 5, 2017 plaintiff received the hearing order dated May 2, 2017.

18. On June 9, 2017 plaintiff filed a timely notice of appeal of the hearing order.  (*Please see Exhibit G: 6/9/17 Notice of Appeal, attached.*)

19. On June 30, 2017 DCCC by Dean of Workforce Development Ryan Ausmus upheld the order with no revisions.  (*Please see Exhibit H: 6/30/17 Appeal Order, attached.*)

**COUNT I:  VIOLATION OF DUE PROCESS**

20. DCCC, a state actor, deprived plaintiff of liberty and or property without due process of law in his student disciplinary proceedings in at least the following ways:

   a. In no way can it be said that plaintiff's conduct review hearing was held before an impartial fact-finder in that all members of the hearing panel were employed by Nolte, the presiding officer was employed by Nolte, and all witnesses were either Nolte or employees of Nolte.

6

b.   Likewise appeal of the matter was assigned to an employee of Nolte.

c.   A report allegedly authored by complainant Nolte was not made available to plaintiff prior to the conduct review hearing, which impaired plaintiff's ability to properly prepare for same.

d.   Likewise plaintiff was afforded no notice of whether or not Nolte or Lanning would be available for examination at the hearing, which impaired plaintiff's ability to properly prepare for same.

e.   Plaintiff's counsel was not permitted to participate in examination of witnesses.

f.   Plaintiff was not permitted an open hearing.

g.   The charging document provided to plaintiff did not provide him with sufficient notice of his alleged misconduct, even (or perhaps especially) when taken in conjunction with the discovery materials provided to him.

h.   Plaintiff was provided insufficient (vague) notice of the potential penalties he could be subject to if found responsible for the also vaguely-alleged misconduct.

i.   The May 2, 2017 hearing order contained insufficient, non-specific or non-existent findings of fact.

j.   Ex parte suspension of plaintiff was improper given what appeared to be fairly mild allegations against him.

k.   The fact that it appears a hearing order was prepared May 2, 2017, mailing was delayed approximately a month, and near the end of that month plaintiff was offered the opportunity to meet privately with Temaat (rather than a reconvened panel) to offer evidence in mitigation prior to the late mailing of the May 2, 2017 hearing

7

order is further indication that the proceedings were a farce.

### COUNT II:  VIOLATION OF FREEDOM OF SPEECH

21. DCCC, a state actor, penalized plaintiff, depriving him of liberty and or property, for expressing his opinion on a topic of public concern.

### COUNT III: JUDICIAL REVIEW

22. This matter having been fully adjudicated at the administrative level, plaintiff asks that this Court exercise judicial review over DCCC's student disciplinary proceedings involving him.

### PRAYER

WHEREFORE plaintiff respectfully prays this Court enter judgment in his favor in an amount in excess of $75,000.00, that it vacate all adverse rulings made against him by DCCC and its agents, for his costs and fees, for attorney fees as vouched, for pre- and post-judgment interest as may be applicable, and for any and further relief as the Court may deem just and equitable in the premises.

Respectfully Submitted,

GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F
pja22@yahoo.com

By: _____
    Peter J. Antosh    #21334
    *Attorneys for Plaintiff*


## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Wichita, Kansas as the place of the trial of this action.

Respectfully Submitted,

GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F
pja22@yahoo.com

By: _____
    Peter J. Antosh    #21334
    *Attorneys for Plaintiff*

9

## REQUEST FOR JURY TRIAL

COMES NOW the plaintiff and respectfully requests a trial by jury with regard to all issues so triable in the above-captioned action.

Respectfully Submitted,

GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F
pja22@yahoo.com

By: _____
    Peter J. Antosh      #21334
    *Attorneys for Plaintiff*