GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F

# DODGE CITY COMMUNITY COLLEGE
## BEFORE THE JUDICIAL HEARING BOARD

*In the Matter of*

**LYLE VANNAHMEN**                                   DCCC Case No. 16-055

*in Disciplinary Proceedings*

## RESPONDENT'S FIRST AMENDED:
### I.  REQUEST FOR DISCOVERY,
### II.  DUE PROCESS DEMANDS, and
### III.  REQUEST FOR PRE-HEARING CONFERENCE

COMES NOW Respondent Lyle VanNahmen by counsel Peter J. Antosh and for his first amended request for discovery, due process demands, and request for pre-hearing conference respectfully states and suggests:

### I.  REQUEST FOR DISCOVERY

Respondent is in receipt of the following:

1. December 8, 2016 printout of student schedule along with "candidate entry."

2. December 10, 2016 letter, with attachments, from Stephanie Lanning to Lyle VanNahmen regarding temporary sanctions and reported violation of Student Code of Conduct.

3. March 3, 2017 statement of Carla Patee.

4. March 5, 2017 letter from Beverly G. Temaat to Lyle VanNahmen.  Respondent considers this the "charging document."

*Respondent's First Amended Requests and Demands*
*Matter of Lyle VanNahmen*
*DCCC Case No. 16-055*
*Page 2*

Respondent requests that any additional materials which Petitioner intends to present or reference in any way at Respondent's disciplinary hearing be provided to his counsel at least seven (7) days prior to the date of his hearing. Respondent further requests that his counsel be provided copies of the hand-written letters identified in Ofc. Sites' report.

## II. DUE PROCESS DEMANDS

1. Respondent has the right to present his side of the story to an impartial arbiter or panel. In this connection, he demands that the identity of the members of the panel and their respective affiliations with DCCC be made known to his counsel at least seven (7) days prior to the date of his hearing.

    a. In the event any or all members of the panel may be subject to undue influence by the Petitioner, given that the president of the college is the de facto chief complainant, Respondent demands that hearing of this matter be assigned to an independent adjudicative body.

    b. Respondent demands that he be provided with an alternate appeal procedure in the event appeal is necessary, given that the current procedure in place calls for the president of the college (complainant) to decide the appeal (handbook p. 82.)

2. Respondent has the right to confront his accusers as well as to present witnesses on his behalf, from which he infers the right to compulsory process (handbook p. 81.) As such, he demands that Petitioner make the following employees of DCCC available for questioning at his disciplinary hearing:

    a. College President Dr. Harold Nolte (complainant);

    b. Dean of Students Ms. Stephanie Lanning (witness/complainant);

*Respondent's First Amended Requests and Demands*
*Matter of Lyle VanNahmen*
*DCCC Case No. 16-055*
*Page 3*

       c.      Executive Assistant Ms. Carla Patee (witness/complainant);

       d.      Chief Judicial Officer Keith Thomas (witness);

       e.      Officer Steven Sites (investigating officer/witness);

       f.      Security Director Josh Thompson (witness);

       g.      College Vice President Beverly G. Temaat (witness/complainant.)

3. In order to effectively confront his accusers, Respondent demands that his counsel be permitted to conduct cross- and or direct examination of witnesses. In support Respondent states that these specific proceedings are quasi-criminal in nature in that they involve alleged assaultive conduct, DCCC's Campus Security webpage indicates that most security officers at DCCC are active law enforcement officers, DCCC will have an attorney present, Petitioner has threatened Respondent with criminal prosecution in connection with its trespass notice, and the hearing is already postured as adversarial in that the handbook allows for examination of witnesses by the Respondent. Caselaw on this subject is mixed.

4. Respondent waives any rights to a closed hearing that may be inferred from FERPA or otherwise and demands that his disciplinary hearing be open to the public.

5. Respondent demands a record in the event appeal is necessary. Respondent proposes hiring at his expense a certified shorthand reporter and/or videographer to record the proceedings.

6. Respondent demands he be provided specific notice of the conduct that he must defend against at the earliest possible opportunity. As it stands, utilizing Ms. Temaat's March 5, 2017 letter as the "charging document," Respondent faces a moving target, to wit:

*Respondent's First Amended Requests and Demands*
*Matter of Lyle VanNahmen*
*DCCC Case No. 16-055*
*Page 4*

> ...These specific allegations are that you violated conduct expectations noted in the Behavior Misconduct (page 78) and Assault (page 80) sections of the Code of Conduct on or about December 5, 2017 and on or about December 8, 2017 [sic]. Specifically, the charges are as follows:
>
> **Behavior Misconduct** (page 78), states *"Students are **not to exhibit behavior** that **threatens any person,** harms, or causes to place in harm any person or **conduct themselves in a** lewd, indecent, obscene, offensive, or **disorderly manner.**"*
>
> **Assault** (page 80), states *"Any actual or **threatened interference**, physical attack or sexual attack, physical or verbal harassment, **intimidation**, or personal abuse against any member of the College community is forbidden."*
>
> Of special note: Only the underlined and bolded provisions of each code of conduct section are included in the allegations/charges specifically related to your formal conduct review hearing.

From the materials Respondent presently has he cannot make heads nor tails of what behavior he allegedly exhibited that was threatening, who he allegedly threatened, what conduct he allegedly displayed that was allegedly disorderly, as alleged by whom, what interference he allegedly threatened, to whom, what alleged intimidating conduct he displayed, who was allegedly intimidated, and what permutation of these alleged events occurred December 5, 2016 and December 8, 2016.

| Dates | Possible Complainants | Alleged Misconduct |
|---|---|---|
| 12/5/16 | Harold Nolte | exhibited behavior that threatened a person |
| 12/8/16 | Stephanie Lanning | |
| | Carla Patee | conducted himself in a disorderly manner |
| | Bev Temaat | |
| | Josh Thompson | threatened interference |
| | Ofc. Sites | intimidation |
| | Keith Thomas | |

*Respondent's First Amended Requests and Demands*
*Matter of Lyle VanNahmen*
*DCCC Case No. 16-055*
*Page 5*

> To be certain, the reports give a glimpse. However, Respondent cannot overstate the point that the reports and charging document provided to him to date do not clearly indicate what he allegedly did wrong. As such he cannot mount a proper defense absent more specific statement.

7. In connection with his demand for specific notice of the conduct he must defend against, Respondent demands that he be provided with notice of the penalties that he may be subject to if found responsible for the alleged misconduct at the earliest possible opportunity. Respondent asserts that this is a critical component of notice.

8. Respondent states his objection to the issuance of the trespass order against him on December 10, 2016 insofar as it constitutes a prior restriction absent any indication of authorization by the Judicial Hearing Board. Respondent demands the trespass order be immediately lifted.

9. Respondent affirmatively states that his conduct was protected by the First Amendment to the United States Constitution.

### III.  REQUEST FOR PRE-HEARING CONFERENCE

Respondent and Petitioner likely envision two very different hearings occurring, in at least the following respects: composition of hearing panel, manner of presentation of evidence (including compelled attendance of witnesses), participation of counsel, open vs. closed hearing, presence of certified shorthand reporter, and bill of particulars in advance of hearing. Respondent respectfully suggests that it would be helpful to hold a pre-hearing conference to obtain rulings for the record regarding the conduct of these administrative proceedings in advance of the date of hearing.


*Respondent's First Amended Requests and Demands*
*Matter of Lyle VanNahmen*
*DCCC Case No. 16-055*
*Page 6*

WHEREFORE Respondent requests discovery, makes Due Process demands, and requests this matter be set for pre-hearing conference.

    Respectfully Submitted,

    GARCIA & ANTOSH, LLP
    1401 Central
    Dodge City, Kansas 67801
    (620) 225-7400  P
    (620) 225-4339  F

By: _____
    Peter J. Antosh     #21334
    *Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2017 (after normal business hours) I e-mailed the above and foregoing document to:

1. Mr. Glenn I. Kerbs, College Attorney;
2. Ms. Beverly G. Temaat, College Vice President;
3. Ms. Stephanie Lanning, Dean of Students;
4. Mr. Keith Thomas, Chief Judicial Officer.

    _____
    Peter J. Antosh