In the Matter of )
**LYLE VANNAHMEN** )  DCCC Case No. 16-055
in Disciplinary Proceedings. )

## MEMORANDUM

**NOW** on this 24th day of March, 2017, the Parties meet for a pre-hearing conference. Dodge City Community College ("DCCC") is represented by counsel Glenn I. Kerbs. Respondent Lyle VanNahmen is represented by counsel Peter J. Antosh. Beverly G. Temaat is also present in her capacity as special judicial officer. There are no other appearances.

**WHEREUPON**, Respondent presents a number of demands regarding the pending disciplinary hearing, and each are determined as follows:

1. Regarding Respondent's demand for additional discovery materials:

    DCCC indicates it will provide any additional materials responsive to Respondent's demand at least seven (7) days prior to the date of this hearing.

2. Regarding Respondent's demand for assignment of hearing of this matter to an independent adjudicative body:

    DCCC denies the request. The Code of Conduct does not provide for assigning the hearing in a conduct matter to a third party. The Code of Conduct provides that conduct review hearings will be conducted so as to insure fairness to the student, which is what the College intends to do in this matter.

1

3. <u>Regarding Respondent's demand for an alternate appeal procedure in the event appeal is necessary so as to avoid review by the president of the college as he is the principal complainant against Respondent:</u>

    DCCC indicates any appeal shall be assigned to a College administrator.

4. <u>Regarding Respondent's demand that complainants be made available for questioning at the hearing:</u>

    DCCC indicates it will make Carla Patee, Keith Thomas, Steven Sites, and Josh Thompson available, and that it will ask Harold Nolte and Stephanie Lanning if they are willing to testify but will not require them to do so.

5. <u>Regarding Respondent's demand that his counsel be permitted to conduct direct and cross-examination of witnesses:</u>

    DCCC denies the request. The Code of Conduct allows the student to have an attorney or advisor present. The role of the attorney or advisor is limited to advising the student. The attorney or advisor may not directly question witnesses or the Judicial Hearing Board.

6. <u>Regarding Respondent's waiver of rights to a closed hearing and demand that his hearing be open to the public and that he be permitted to bring a court reporter and/or videographer:</u>

    DCCC denies the request but will permit Respondent to make an audio recording of the proceedings.

7. <u>Regarding Respondent's demand that he be provided with more specific explanation of his alleged improper conduct</u>:

    DCCC refers Respondent to the March 5, 2017, "charging document" which sets forth the violations of the Code of Conduct alleged by the College.

8. <u>Regarding Respondent's demand that he be provided with notice of the penalties he may be subject to if found responsible for misconduct</u>:

    The sanctions for violation of the Code of Conduct are found within the Code and set forth on pages 82-83 of the 2016-2017 Student Handbook.

9. <u>Regarding Respondent's demand that his trespass order be immediately lifted</u>:

    DCCC denies the request.

**APPROVED BY:**

_/s/ Beverly G. Temaat_
Beverly G. Temaat
Special Judicial Officer
Dodge City Community College
2501 North 14th Avenue
Dodge City, Kansas   67801

_/s/ Glenn I. Kerbs_
Glenn I. Kerbs, #09754
Kerbs Law Office
1715 Central Avenue
P.O. Box 1473
Dodge City, Kansas   67801
Telephone:   (620) 225-0238
Facsimile:   (620) 225-0318
Email:   gkerbs@kerbslaw.com
College Attorney

3

/s/ Peter J. Antosh

Peter J. Antosh, 21334
Garcia & Antosh, LLP
1401 Central Avenue
Dodge City, Kansas  67801
Telephone:   (620) 225-7400
Facsimile:   (620) 225-4339
Email:       pja22@yahoo.com
Attorney for Respondent

4