IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LYLE VANNAHMEN,

    **Plaintiff,**

    v.

DODGE CITY COMMUNITY COLLEGE,

    **Defendant.**

Case No. 17-1174-EFM-GLR

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Permit Additional Discovery Following Entry of Order on Defendant's Motion to Dismiss (ECF 21). The motion is now fully briefed. For the reasons set forth below, the Court denies the motion.

Defendant's motion to dismiss was filed September 6, 2017. It remains pending (ECF 6). The Court entered its scheduling order on December 7, 2017. It set a deadline of May 7, 2018, to complete discovery. Plaintiff filed the instant motion on May 16, 2018. It requests additional time to conduct depositions "of appropriate parties," which Plaintiff did not previously schedule and while anticipating a ruling on the motion to dismiss. Plaintiff does not identify anyone who may be an appropriate party for deposition.

Defendant opposes reopening discovery (ECF 22). It argues that Plaintiff has failed to show good cause or excusable neglect, because the motion was filed after the discovery deadline. Plaintiff replies that he has shown excusable neglect (ECF 24). He suggests there is no danger of prejudice to Defendant, if additional discovery is permitted, and that he acted in good faith by not conducting discovery during pendency of the motion to dismiss. He concedes that it would have been better practice to have filed a motion for discovery extension before the deadline expired.

Whether to extend or reopen discovery addresses the sound discretion of the trial court.[1] It considers the following factors in determining if discovery should be opened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[2]

Because Plaintiff filed his motion after the expiration of the discovery deadline, he must also show excusable neglect to obtain an extension of it.[3] The Court considers several factors in determining if a party has shown excusable neglect. As noted by Plaintiff, these factors are:

> 1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for the delay and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party.[4]

Plaintiff argues there is no danger of prejudice to Defendant. Defendant indeed does not allege any prejudice. Further, the length of delay would be minimal, because there is no trial date yet. And Plaintiff would need to depose only individuals whose testimony would be relevant, based on the Court's ruling on the motion to dismiss. His reason for the delay is that Plaintiff sought to avoid costs of discovery while the motion to dismiss was pending. Finally, he contends he acted in good faith by trying to minimize discovery disputes.

---

[1] *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987).

[2] *Id.*

[3] *See* Fed. R. Civ. P. 6(b)(1)(B) (When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect). *See also* D. Kan. Rule 6.1(a) ("Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.").

[4] *Patel v. Reddy*, No. 10-2403-JTM, 2010 WL 4115398, at *1 (D. Kan. Oct. 19, 2010) (citations omitted).

But Plaintiff provides no explanation for his waiting until after the discovery deadline had passed to file his motion. He indeed concedes that "it would have been better practice for him to have filed a motion for discovery extension prior to the expiration of time for discovery."[5] The Court simply cannot find that Plaintiff has carried his burden to show excusable neglect.

Plaintiff describes no need, moreover, for reopening discovery. In fact, many of the factors identified above weigh against him. His request is opposed. He proposes no particular discovery other than perhaps a deposition of some unidentified person. He sought no discovery within the previously set deadlines. The scheduling order was entered December 7, 2017. Plaintiff had five months in which to conduct discovery. It appears he conducted none, despite Defendant's serving Requests for Admissions and Interrogatories,[6] and taking Plaintiff's deposition.[7] Similarly, Plaintiff had more than adequate time in which to file a timely motion to extend discovery. He instead waited, for no apparent reason, until after the deadline had passed.

Not every piece of litigation requires discovery, in order to conduct an adequate trial. From the pleadings in this case, the Court could well assume that Plaintiff will be his own chief witness. It might further assume that this is a case in which he can simply proceed to trial with adequate, if not specific, knowledge or expectation as to what the opposing evidence will be. Indeed, the Court could well assume that this is one of those rare cases that, if not dismissed, can proceed to trial without any real need for discovery. If such a need exists, the Court simply does not see it. The parties exchanged their Rule 26 disclosures in November 2017. The response of Plaintiff to the pending motion to dismiss, moreover, attaches exhibits that Plaintiff could well offer into evidence at trial (ECF 9).

---

[5] ECF 24 at 2.
[6] ECF 18.
[7] ECF 19.

Plaintiff has not shown excusable neglect to justify an extension of the discovery deadline. Additionally, he fails to show any sound reason for discovery to be reopened. The Court perhaps could simply ignore Rule 6 and grant the motion. That would create a precedent to simply ignore the law—a precedent that the Court cannot find to be either necessary or justified.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Permit Additional Discovery Following Entry of Order on Defendant's Motion to Dismiss (ECF 21) is **denied**.

Dated June 21, 2018, at Kansas City, Kansas.

<u>*s/Gerald L. Rushfelt*</u>
Gerald L. Rushfelt
U.S. Magistrate Judges